IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE LUIS PERRETT, | § |
| | § |
| Plaintiff, | § |
| | § CIVIL ACTION NO. 4:18-cv-01386 |
| v. | § |
| | § |
| ALLSTATE INSURANCE COMPANY, | § |
| | § |
| Defendant. | § |

**MEMORANDUM AND ORDER**

**I.   Background**

This is the first first-party insurance dispute this court has found arising from Houston's Hurricane Harvey, which flooded the city and beyond in August 2017. Jose Luis Perrett sued Allstate Insurance Company in Texas state court, alleging violations of the Texas Deceptive Trade Practices Consumer Protection Act, TEX. BUS. & COMM. CODE §§ 17.46 (b), 17.50(a); the Texas Insurance Code, TEX. INS. CODE §§ 541.060, 542.003; breach of the duty of good faith; and breach of contract. Allstate timely removed to federal court.

On October 10, 2017, Perrett's counsel sent Allstate a notice letter alleging that Allstate violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act. (Docket Entry No. 5, Ex. 2). Allstate moved to abate under § 542A.003 of the Texas Insurance Code, which requires plaintiffs seeking damages to give prior written notice of the complaint and the damages, including fees, "not later than the 61st day before the date a claimant files an action." TEX. INS. CODE § 542A.003. Allstate argues that Perrett's notice did not include "a statement of the acts or omissions giving rise to the claims and the amount of reasonable and necessary attorney's fees incurred by the claimant" or a statement that a copy of the notice was provided to

1

the claimant. (Docket Entry No. 5 at 3–4). Perrett responded that the notice satisfied § 542A.003(a)'s requirements. (Docket Entry No. 7).

Based on the motion, response, reply, the record, and the applicable law, the motion to abate, (Docket Entry No. 5), is granted. The case is stayed and the initial conference is reset to **August 20, 2018, at 9:30 a.m**., 60 days after Perrett provides Allstate with proper written notice, which must be provided no later than June 18, 2018.

The reasons for these rulings are explained below.

## II.   The Legal Standard

Section 542A.003 of the Texas Insurance Code provides that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action." TEX. INS. CODE § 542A.003. The notice must include "(1) a statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services." TEX. INS. CODE § 542A.003. If an attorney provides notice on behalf of an insurance claimant, the written notice must include "a statement that a copy of the notice was provided to the claimant." *Id.* § 542A.003(b). "The court shall abate the action if the court finds that the person filing the plea in abatement: . . . did not, for any reason, receive a presuit notice complying with Section 542A.003." *Id.* § 542A.005(b)(1).

The 60-day notice requirement is to "discourage litigation and encourage settlements of consumer complaints," *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)), by allowing the defendant-insurer a right and opportunity to make a settlement offer. *See* TEX. INS. CODE § 541.156; *In Re Behr*, 2006 WL 468001, at *2 (Tex. App.—San Antonio Mar. 1 2006) (without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156–.159 of the Insurance Code"). If a plaintiff does not comply with the notice requirement, "abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal." *Id.* The Texas Supreme Court has held that "if a plaintiff files an action for damages . . . without first giving the required notice, and a defendant timely requests an abatement, the trial court must abate the proceedings for 60 days." *Hines*, 843 S.W.2d at 469.

Perrett sent Allstate the notice letter over 60 days ago. The issue is whether that letter satisfied the statutory requirements. Notice letters with specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement. *See Lewis v. Nationwide Prop. & Cas. Ins. Co.*, 2011 WL 845952, at *5 (S.D. Tex. Mar. 8, 2011); *Richardson*, 257 S.W.3d at 782; *Williams v. Hills Fitness Ctr., Inc.*, 705 S.W.2d 189, 191–92 (Tex. App.—Texarkana 1985, writ ref'd n.r.e.) (four-paragraph notice letter satisfied the notice requirement, even though the allegations were general and the specific facts supporting cause of action were implied).

## III. Analysis

Allstate argues that Perrett's notice letter did not provide "a statement of the acts or omissions giving rise to the claims." (Docket Entry No. 5 at 4). The letter contains several

3

paragraphs detailing how Allstate allegedly breached the insurance contract and the duty of good faith by conducting an inadequate examination of the damage and by failing to pay the claims. (Docket Entry No. 5, Ex. 2). It also specifies the provisions of the Texas Insurance Code and the Deceptive Trade Practices Act Allstate allegedly violated. In addition to setting out the damages sought, the letter included appraisal reports for how those damages were calculated. The letter sufficiently states the acts or omissions giving rise to the claims because Allstate has a basis from which to imply the facts. *See Rodriguez v. Allstate Tex. Lloyd's*, 2011 WL 689580, at *3 (S.D. Tex. Feb. 17, 2011) ("The notice letter in this case contains scant factual information about the cause of action. But it does identify the damages sought—$180,000 in economic damages, $30,000 in mental anguish damages, and $84,000 in expenses and attorneys' fees.").

Allstate also argues that the letter did not include the amount of reasonable and necessary attorney's fees incurred by the claimant. Although the Texas Insurance Code requires that attorney's fees be "calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services," TEX. INS. CODE § 542A.002(b)(3), it does not require that those calculations be included in the presuit notice. Because the attorney's fees were sufficiently included in Perrett's letter, he has also met this requirement.

Although the notice letter satisfies the requirements in § 542A.002(b), it does not satisfy § 542A.003(c)'s requirement that "[i]f an attorney or other representative gives the notice required under this section on behalf of a claimant, the attorney or representative shall: (1) provide a copy of the notice to the claimant; and (2) include in the notice a statement that a copy of the notice was provided to the claimant." *See Carrizales v. State Farm Lloyds*, 2018 WL

1697584, at *2, 4 (N.D. Tex. Apr. 6, 2018) (the requirement that the notice include a statement that the claimant had a copy of the notice is part of § 542A.003's requirements). Perrett's response to the motion to abate does not dispute or respond to Allstate's argument that the notice letter did not contain a statement that the letter was provided to Perrett. In a January 2018 email to Allstate, Perrett's counsel stated: "I'm in receipt on the response and informed the clients. We'll proceed with a suit at this time." (Docket Entry No. 7, Ex. 7). Neither the email nor the presuit notice letter satisfy the requirement because neither states that a copy of the presuit notice was provided to Perrett. Because the letter does not satisfy this requirement, the case is abated until 60 days after Allstate receives proper written notice.

**IV.    Conclusion**

The motion to abate, (Docket Entry No. 5), is granted. The case is stayed and the initial conference is reset to **August 20, 2018, at 9:30 a.m.,** 60 days after Perrett provides Allstate with proper written notice, which must be provided no later than June 18, 2018.

SIGNED on June 11, 2018, at Houston, Texas.

```
                                    _____
                                           Lee H. Rosenthal
                                    Chief United States District Judge
```

5